RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MAY 12 2026

DANIEL J. McCOY, CLERK
BY:_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL SLANEY

        Defendant

1:25-cr-00173-03
JUDGE EDWARDS
MAGISTRATE JUDGE PEREZ-MONTES

## PLEA AGREEMENT

### A.    INTRODUCTION

1.    This document contains the complete plea agreement between the government and **MICHAEL SLANEY ("SLANEY")**, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

### B.    THE DEFENDANT'S OBLIGATIONS

1.    **SLANEY** shall appear in open court and plead guilty to Count One of the indictment pending in this case.

### C.    THE GOVERNMENT'S OBLIGATIONS

1.    If the defendant completely fulfills all obligations and agreements under this plea agreement, the government agrees to dismiss the remaining counts of the

indictment after sentencing, and it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation that forms the basis of the indictment.

2.      The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently.

D.      SENTENCING

**SLANEY** understands and agrees that:

1.      The maximum punishment on Count One is a term of imprisonment of not more than five (5) years (pursuant to 18 U.S.C. § 371) and a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571);

2.      The defendant shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, official bank check, or money order payable to "Clerk, U.S. District Court";

3.      The defendant may receive a term of supervised release of not more than three (3) years in length in addition to any term of imprisonment imposed by the Court;

4.      A violation of any condition of supervised release at any time during the period of supervised release may result in the defendant being incarcerated over and

Plea Agreement – *United States v. Slaney, et al.*

2

above the statutory maximum for the offense of conviction;

5.    The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court, regardless of the amount of time of the supervised release the defendant has successfully completed;

6.    Any fine and/or restitution imposed as part of the defendant's sentence will be due and payable immediately, the defendant will be held liable for all restitution jointly and severally with all co-defendants, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

7.    The defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on him to be used in consideration of his ability to pay restitution or fine that may be imposed by the Court;

8.    As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

9.    This case is governed by the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220 (2005), and the defendant has discussed the Sentencing Guidelines and its applicability with his counsel and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

10.    The sentencing judge alone will decide what sentence to impose; and

11.    The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E.    APPEAL WAIVER

1.    The defendant understands that he has a statutory right to challenge his guilty plea and/or sentence on direct appeal. In exchange for the promises and concessions made by the United States in entering this plea agreement, the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

a.    Whether the factual basis found by the Court supports his conviction; and

b.    The substantive reasonableness of any sentence imposed by the Court if within, or lower than, the guideline range determined by the Court, or if the sentence was imposed pursuant to a statutory mandatory minimum. This waiver does not restrict the defendant's right to challenge, on direct appeal, the district court's calculation of the advisory guideline range.

2.    The defendant understands and acknowledges that the United States preserves all its rights as set forth in 18 U.S.C. § 3742(b).

F.    FORFEITURE

1.    The defendant agrees to forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to

Plea Agreement – *United States v. Slaney, et al.*
4

which defendant is pleading guilty, specifically including, but not limited to, the following:

  a.    La Capitol Federal Credit Union account x87-70,

  b.    Barksdale Federal Credit Union account x4901,

  c.    Barksdale Federal Credit Union account x4903,

  d.    Barksdale Federal Credit Union account x4921, and

  e.    Real property with an address of 0 Dr Brown Road, Lots 12 and 13, DeRidder, Louisiana 70634

        (collectively, the "Forfeitable Property");

2.    The defendant agrees to the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the assets, and that the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

3.    The defendant agrees to take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

4.    The defendant agrees not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property. If the defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, the

defendant shall and hereby does withdraw any such claims or petitions and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property. The defendant further waives, abandons, and relinquishes any rights he may have to challenge the forfeiture of the Forfeitable Property on any grounds, including that it was not timely commenced and including any and all notice requirements of 18 U.S.C. § 983(a)(1).

5.      The defendant agrees that forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

6.      With respect to any criminal forfeiture ordered as a result of this plea agreement, the defendant waives:

a.      The requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

b.      All constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and

c.      All constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment. The defendant acknowledges that the forfeiture of the Forfeitable

Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

7.   The defendant further agrees:

a.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property

b.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking; and

c.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent the defendant has the ability to do so.

## G.   REINSTATEMENT OF ORIGINAL INDICTMENT

1.   **SLANEY** understands and agrees that should this plea be overturned for any reason at a later date, the indictment, in its entirety, will be automatically reinstated without need for presentment to a Grand Jury or any motion or other action by the government.

## H.   ENTIRETY OF AGREEMENT

1.   This plea agreement consists of this document and any addendum required by Standing Order 1.86. The defendant, the defendant's attorney, and the government acknowledge that this plea agreement is a complete statement of the parties' plea agreement in this case. It supersedes all other plea agreements and may

not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

I.    SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT

I have read this plea agreement and have discussed it fully with my client, SLANEY. I concur in SLANEY pleading guilty as set forth in this plea agreement.

Dated: __4/28/26__        _____
                          CODY J. WIDRINE, LA Bar No. 36960
                          Loftin Law Group
                          113 Michael DeBakey Drive
                          Lake Charles, Louisiana 70605
                          Telephone: (337) 310-4300
                          *Counsel for Defendant*

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: __4-26-26__        _____
                          MICHAEL SLANEY
                          *Defendant*

I accept and agree to this plea agreement on behalf of the United States of America.

Dated: Apr. 28, 2026

ZACHARY A. KELLER
UNITED STATES ATTORNEY

JOHN W. NICKEL, La. Bar No. 37819
J. DANIEL SIEFKER, JR. La. Bar No. 34764
Assistant United States Attorneys
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501-6832
Telephone: (337) 262-6618