RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MAY 1 2 2026

DANIEL J. McCOY, CLERK

BY:_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 1:25-cr-00173-03 |
| | JUDGE EDWARDS |
| v. | MAGISTRATE JUDGE PEREZ-MONTES |
| MICHAEL SLANEY | |
| Defendant | |

## FACTUAL BASIS

This factual basis is submitted in accordance with Federal Rule of Criminal Procedure 11(f).  The parties signing below agree and stipulate to the following factual matters as the basis for the defendant, **MICHAEL SLANEY ("SLANEY")**, pleading guilty to count 1 of the indictment:

**SLANEY** admits that, beginning no later than on or about December 18, 2021, and continuing until at least July 15, 2025, he participated in a scheme to defraud the United States by committing and conspiring to commit U-Visa fraud.

Congress created the U nonimmigrant status ("U-Visa") with the passage of the Victims of Trafficking and Violence Protection Act in October 2000.  The legislation was intended to strengthen the ability of law enforcement agencies to investigate and prosecute certain crimes while also protecting the victims of crimes who are willing to help law enforcement authorities in the investigation or prosecution of the criminal activity.

Foreign nationals are eligible for a U-Visa if they (1) were the victim of qualifying criminal activity that occurred in the United States or violated U.S. laws,

Factual Basis – *United States v. Slaney, et al.*

1

(2) suffered substantial physical or mental abuse as a result of having been a victim, (3) possessed information about the criminal activity, (4) were helpful or were likely to be helpful to law enforcement in the investigation or prosecution of the crime, and (5) were admissible to the United States. Qualifying criminal activities included, among other crimes, extortion, false imprisonment, unlawful criminal restraint, and felonious assault. Certain qualifying family members are also eligible for derivative U-Visa status based upon their relationship to the principal filing for the U-Visa.

Qualifying criminal victims could apply for U-Visa status by submitting a United States Citizenship and Immigration Services ("USCIS") Form I-918, Petition for U Nonimmigrant Status; a Form I-918, Supplement B, U Nonimmigrant Status Certification; and evidence to establish each eligibility requirement.

The Form I-918 asks applicants if they were victim of qualifying criminal activity, suffered substantial physical or mental abuse as a result of having been a victim of the criminal activity, and possess information concerning the criminal activity. The Form I-918 further requires applicants to attach a personal narrative statement describing the criminal activity, along with supporting documentation. The Form I-918 further requires applicants to certify, under penalty of perjury, that all the information in their petition and any documents submitted with it are complete, true, and correct.

The Form I-918, Supplement B requires the signature of an authorized official of a certifying law enforcement agency confirming that the individual was a victim of

Factual Basis – *United States v. Slaney, et al.*

2

a qualifying crime and had been or would be helpful in the investigation or prosecution of any resulting case.

In this scheme, co-defendant, co-conspirator **CHANDRAKANT PATEL** ("**PATEL**") would recruit foreign nationals who needed legal status in the United States. Those foreign nationals would pay **PATEL** to be named as victims of armed robberies in fictitious police reports written by law enforcement officers affiliated with several central Louisiana law enforcement agencies. **PATEL** would then pay a portion of the money he received from the foreign nationals to law enforcement officers to (1) author a false police report naming the foreign nationals as victims in armed robberies, and (2) certify the Form I-918, Supplement B of the foreign nationals who were named in the false reports. **PATEL** conspired with and paid the following law enforcement officers, all of whom authored false police reports and certified Form I-918, Supplement B forms for foreign nationals who paid PATEL: **CHAD DOYLE, MICHAEL SLANEY, GLYNN DIXON,** and **TEBO ONISHEA.** During the conspiracy, **CHAD DOYLE** was the Chief of Police for the City of Oakdale, Louisiana Police Department; **MICHAEL SLANEY** was the Marshal of the Ward 5 Marshal's Office in Oakdale, Louisiana; **GLYNN DIXON** was the Chief of Police for the City of Forest Hill, Louisiana Police Department; and **TEBO ONISHEA** was the Chief of Police for the City of Glenmora, Louisiana Police Department.

It was part of the conspiracy that individuals seeking U-Visas ("Aliens") contacted **PATEL**—or the Aliens would contact another facilitator who would then

contact **PATEL**—to be named as "victims" in police reports alleging that an armed robbery had occurred, so that they could submit applications for U-Visas.

Aliens paid **PATEL** approximately $20,000 for their name to be placed on a false police report and for the law enforcement officials discussed above to certify their Forms I-918, Supplement B.

**PATEL** would then pay the law enforcement officials approximately $5,000 per name to have the Aliens' names placed on false police reports and for the subsequent certifications of the Form I-918, Supplement B. It was further part of the conspiracy that following the generation of the fraudulent police reports, Aliens submitted a completed Form I-918 to USCIS predicated upon their alleged status as a victim of an armed robbery that never occurred.

During the course of the conspiracy, **SLANEY** certified at least 78 fraudulent I-918, Supplement B forms.

The Defendant also agrees and stipulates that the following assets were purchased with proceeds of the conspiracy described herein:

a.    La Capitol Federal Credit Union account x87-70,

b.    Barksdale Federal Credit Union account x4901,

c.    Barksdale Federal Credit Union account x4903,

d.    Barksdale Federal Credit Union account x4921, and

e.    Real property with an address of 0 Dr Brown Road, Lots 12 and 13, DeRidder, Louisiana 70634

(collectively, the "Forfeitable Property");

The parties agree and stipulate that one or more acts in furtherance of the crimes charged in Count One of the indictment took place in the Western District of Louisiana.

WHEREFORE, the parties signing below agree and stipulate that preceding paragraphs adequately describe the defendant's role in the offense listed above for purposes of establishing his guilt beyond a reasonable doubt.

WHEREFORE, the parties signing below agree and stipulate that the preceding paragraphs adequately describe the defendant's role in the offense listed above for purposes of establishing his guilt beyond a reasonable doubt.

Dated: 4/28/26

CODY J. VIDRINE, LA Bar No. 36960
Loftin Law Group
113 Michael DeBakey Drive
Lake Charles, Louisiana 70605
Telephone: (337) 310-4300
*Counsel for Defendant*

Dated: 4-26-26

MICHAEL SLANEY
*Defendant*

Dated: Apr. 28, 2026

ZACHARY A. KELLER
UNITED STATES ATTORNEY

JOHN W. NICKEL. La. Bar No. 37819
J. DANIEL SIEFKER, JR. La. Bar No. 34764
Assistant United States Attorneys
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501-6832
Telephone: (337) 262-6618

Factual Basis – *United States v. Slaney, et al.*

5